# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDELL JOHNSON, : : : Plaintiff, : : v. : : PATRICIA MCGILL, *et. al.*, : : Defendants. : : | Case No. 24-6910 (BRM)(JRA) **MEMORANDUM AND ORDER** |

Before the Court is *pro se* plaintiff Wendell Johnson's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). Based on his affidavit of indigence (ECF 1-1), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

Plaintiff is currently housed at Northern State Prison, in Newark, New Jersey. Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Defendants (1) Patricia McGill, (2) P. Rex, (3) Mario Viera, (4) John/Jane Doe SID Officers, and (5) John Pomponio. (ECF No. 1 at 1.)

The Complaint appears to raise claims regarding the destruction of Plaintiff's bible and legal documents. (*See* ECF No. 1 at 4.) However, Plaintiff has attached a statement of claims, which was handwritten in pencil and is illegible to the Court. (*See* ECF No. 1-2.) Plaintiff may not

have been aware, but the Court must scan his submissions for electronic filing. The Court is unable to read Plaintiff's scanned statement of claims.

Accordingly,

**IT IS** on this 26th day of June 2024,

**ORDERED** Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**; and it is further

**ORDERED** the Complaint shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Northern State Prison; and it is further

**ORDERED** Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** if Plaintiff wishes to reopen this case, within 30 days from the date this Memorandum and Order is entered, Plaintiff may motion to reopen his case, attaching to any such motion a proposed amended complaint containing a legible copy of his complaint and any attached statement of facts; and it is further

**ORDERED** the Clerk of the Court shall serve a copy of this Memorandum and Order upon Plaintiff by regular U.S. mail; it is finally

**ORDERED** the Clerk of the Court shall mark this case **CLOSED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**