**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WENDELL JOHNSON, : : : Plaintiff, : : v. : : PATRICIA MCGILL, *et. al.*, : : Defendants. : : | Case No. 24-6910 (BRM)(JRA) OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Wendell Johnson's ("Plaintiff") amended civil rights complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 4.)

On June 26, 2024, after granting Plaintiff's application to proceed *in forma pauperis*, the Court screened Plaintiff's initial complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 3.) The Court dismissed the initial complaint without prejudice because it was illegible. (*See id.*) The Court permitted Plaintiff to file an Amended Complaint. (*Id.*)

On July 17, 2024, Plaintiff filed his Amended Complaint. (ECF No. 4.) At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Amended Complaint should be dismissed in its entirety.

**I. BACKGROUND**

The Court construes the allegations in the Amended Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a

prisoner currently housed at Northern State Prison, in Newark, New Jersey. He brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Defendants (1) Patricia McGill ("McGill"), (2) P. Rex ("Rex"), (3) Mario Viera ("Viera"), (4) John Pomponio ("Pomponio"), and (5) John/Jane Doe SID Officers. (ECF No. 4 at 1.)

In the Amended Complaint, Plaintiff claims that on February 3, 2023, he was isolated in detention and Defendant Rex confiscated Plaintiff's "legal briefs that [were] prepared for the courts filing" and confiscated Plaintiff's "religious bible." (*Id.* at 5.) Plaintiff submits that Defendant Rex took Plaintiff's food and toilet paper for twenty-one days. (*Id.*) The Amended Complaint states that Defendant McGill failed to respond to three grievances regarding Defendant Rex's wrong-doing and Plaintiff's request for medical attention from mold exposure and a slip and fall. (*Id.* at 5–6.)

Plaintiff seeks monetary compensation.

## II. LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. Failure to State a Claim

#### 1. *Defendant McGill - Supervisory Liability*

The Amended Complaint asserts a supervisory liability claim against Defendant McGill. (ECF No. 4 at 5-6.) The Amended Complaint states that Defendant McGill failed to respond to three grievances regarding Defendant Rex's wrong-doing and Plaintiff's request for medical attention from mold exposure and a slip and fall. (*Id.*)

> [T]o hold a supervisor liable because his policies or practices led to [a constitutional] violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the exiting policy or practice created an unreasonable risk of that [constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury results from the policy or practice.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (1989)). The Amended Complaint submits only that Defendant McGill, as the Administrator of Northern State Prison, failed to respond to Plaintiff's grievances. (ECF No. 4 at 5–6.) The Amended Complaint does not assert that Defendant McGill implemented a policy or custom regarding the confiscation of Plaintiff's materials, nor does it claim there was policy regarding Plaintiff receiving medical attention. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief." *Iqbal*, 556 U.S. 662, 678 (2009).

While Plaintiff alleges that he filed three grievances, that type of allegation—*i.e.*, a claim that grievances were sent to a warden or other administrator—are generally insufficient to establish supervisory liability, absent a plausible allegation that the supervisor had contemporaneous knowledge of the incident and either directed or acquiesced in it. *See, e.g.*, *Folk v. Prime Care*

4

*Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (affirming dismissal of claims against warden and others, based on allegation they had received grievances; "Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Butler v. Penchishen*, No. 22-CV-3252, 2022 WL 4473590, at *4 (E.D. Pa. Sept. 26, 2022) ("To the extent Butler is attempting to connect any of the individual Defendants to these events based on his allegation that he either filed grievances or wrote them letters, such allegations are unclear and, in any event, would not establish the requisite personal involvement to establish liability."). In short, Plaintiff does not allege sufficient facts to allow this claim to proceed at this time and his claim against Defendant McGill is **DISMISSED WITHOUT PREJUDICE**. *See Iqbal*, 556 U.S. 662, 678 (2009).

### 2. Defendant Rex - First and Fourteenth Amendment Access to Courts

The Court liberally construes the Amended Complaint as raising a First and Fourteenth Amendment access to courts claim. (*See* ECF No. 4 at 5.) In the Amended Complaint, Plaintiff claims that on February 3, 2023, he was isolated in detention and Defendant Rex confiscated Plaintiff's "legal briefs that [were] prepared for the courts filing." (*Id.*)

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting

5

*Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

The Amended Complaint asserts only that Defendant Rex confiscated legal briefs that were prepared for a court filing. (ECF No. 4 at 5.) Plaintiff fails to present facts that he lost a chance to pursue any claim in court. *See Presbury v. Wetzel*, 789 F. App'x 294, 295 (3d Cir. 2020) (per curiam) (affirming the dismissal of access to courts claim based on the CERT team's loss of plaintiff's legal property where plaintiff "did not allege any facts about the merits of his underlying claim" and did not "demonstrate that the loss of his legal materials, while unfortunate and inconvenient, has rendered him unable to seek the District Attorney's review"); *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "defendants confiscated their legal materials" and that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim). The Amended Complaint fails to state an access to courts claim upon which relief can be granted. Therefore, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to this claim.

### 3. Defendant Rex - First Amendment Right to Free Exercise of Religion

Plaintiff appears to be raising a First Amendment right to the free exercise of religion claim. (ECF No. 4 at 5.) Plaintiff claims that Defendant Rex confiscated his "religious bible." (*Id.*)

"Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). "Nevertheless, the fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000). Only beliefs which are (1) sincerely held, and (2) religious in nature are entitled to

constitutional protection. *See Wisconsin v. Yoder*, 406 U.S. 205, 215–19 (1972); *DeHart*, 227 F.3d at 51. Once a prisoner-plaintiff has established that they have a sincerely held religious belief, they must demonstrate that the challenged prison practice or policy (which allegedly infringes on that religious belief) is not reasonably related to penological interests under the factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987). *See DeHart*, 227 F.3d at 51. The *Turner* analysis aims to balance the constitutional rights of prisoners with the "security, rehabilitation, and administrative concerns" of prisons. *See id.*

The Amended Complaint is devoid of any facts regarding Plaintiff's sincerely held religious beliefs. As such, Plaintiff has not plausibly alleged that he holds a sincere religious belief. Plaintiff has not alleged that a prison practice or policy impermissibly infringed on his religious beliefs, as he has not alleged that the confiscation of his bible was not reasonably related to a legitimate penological interest. Accordingly, Plaintiff's free exercise claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### 4. Defendant Rex - Eighth Amendment Conditions of Confinement

Plaintiff raises an Eighth Amendment conditions of confinement claim against Defendant Rex. (ECF No. 4 at 5–6.) In the Amended Complaint, Plaintiff claims that on February 3, 2023, he was isolated in detention and Defendant Rex confiscated Plaintiff's "religious bible." (ECF No. 4 at 5.) Plaintiff submits that Defendant Rex took Plaintiff's food and toilet paper for twenty-one days. (*Id.*)

The Eighth Amendment requires prison officials to provide humane conditions of confinement. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "For the conditions of confinement to rise to the level of an Eighth Amendment violation, they must deny the 'minimal civilized measure of life's

necessities.'" *Betts*, 621 F.3d at 256 (quoting *Farmer*, 511 U.S. at 835). Thus, "prison officials violate an inmate's Eighth Amendment rights when they deprive her of a single identifiable human need such as food, warmth, or exercise." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015); *see also Betts*, 621 F.3d at 256 (inmates must receive "adequate food, clothing, shelter, and medical care," and prison officials must "take reasonable measures to guarantee the safety of inmates").

Additionally, placing an inmate in restricted housing does not violate the Eighth Amendment "as long as the conditions of confinement are not foul, inhuman or totally without penological justification." *See Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992). Conditions of confinement are unconstitutional where a prisoner is denied the "minimal civilized measure of life's necessities" through prison officials' deliberate indifference to a condition posing a substantial risk of serious harm. *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Only "extreme deprivations" meet this standard. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Even liberally construing the allegations in the Complaint, Plaintiff fails to plead sufficient facts to show an Eighth Amendment deprivation. *Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff submits that Defendant Rex confiscated Plaintiff's religious bible. Plaintiff also claims that Defendant Rex confiscated his toilet paper and food for twenty-one days. Plaintiff fails to provide facts for the Court to determine how long Plaintiff's bible was confiscated for or if Plaintiff had access to other religious materials. Plaintiff also fails to provide facts to show the severity of this deprivation regarding toilet paper and food. Plaintiff does not provide facts to show whether Defendant Rex confiscated only the food from his cell or if Plaintiff had no access to food for twenty-one days. Additionally, the Complaint does not state whether Plaintiff had access to other forms of paper for

8

bathroom usage. As such, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to this claim.

### 4. Defendants Viera, Pomponio, and John and Jane Doe - Personal Involvement

The Complaint names Defendants Viera, Pomponio, and John and Jane Doe SID Officers as Defendants. (ECF No. 4 at 1.) However, these Defendants are not named in the body of the Complaint. Plaintiff fails to include any allegations against Defendants Viera, Pomponio, and John and Jane Doe SID Officers. (*See generally* ECF No. 4.)

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has failed to allege personal involvement by Defendants Viera, Pomponio, and John and Jane Doe SID Officers. Therefore, any claims against Defendants Viera, Pomponio, and John and Jane Doe SID Officers are **DISMISSED WITHOUT PREJUDICE** as a matter of law for lack of personal involvement. *See Iqbal*, 556 U.S. at 676.

### IV. CONCLUSION

For the reasons set forth above, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted thirty days to file a second amended complaint if he chooses to cure the deficiencies discussed above. An appropriate Order follows.

Dated: October 16, 2024

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

9